IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. G-95-10 (04) |
| § | CIVIL ACTION NO. G-05-319 |
| CLIFFORD ALEXANDER LEWIS § | |

**OPINION AND ORDER**

Before the Court is the " Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" filed by Clifford Alexander Lewis one of the named Defendants in this cause; the motion seeks to vacate a portion of his 235 month sentence.

In the instant motion, Lewis seeks relief from a six-level increase in his base offense level imposed by the District Court after finding " additional facts" relative to drug quantities not alleged in the Indictment or proven beyond all reasonable doubt to a jury. In reliance on the recent Supreme Court decision in <u>United States v. Booker</u>, ____ U.S. ____, 160 L.Ed. 2d 621 (2005), Lewis argues that the base offense level increases are unconstitutional.

Lewis' conviction became final on April 7, 2002[1], and he had one year from that date to file a § 2255 motion. Obviously, Lewis' Motion, filed on June 1, 2005, is time-barred unless <u>Booker</u> applies retroactively to cases on collateral review. Unfortunately, for Lewis, in the opinion of this Court <u>Booker</u> does not so apply. The Supreme Court seems to have limited <u>Booker</u>' s application only " to all cases on direct review." 160 L.Ed. 2d at 665   Moreover, all

---

[1] Lewis was granted an out-of-time appeal which was ultimately dismissed by the Fifth Circuit Court of Appeals on January 7, 2002, therefore, the instant Motion is treated as Lewis' first § 2255 Motion. See <u>In re: Godard</u>, 170 F.3d 435, 437 (4th Cir. 1999)

federal Circuits which have addressed the issue have concluded that Booker does not apply retroactively to cases that became final before its release on January 12, 2005. See Cirilo-Munoz v. United States, ___ F.3d ___, 2005 WL 858324* 5-6 (1st Cir., April 15, 2005); Guzman v. United States, ___ F.3d ___, 2005 WL 803214* 2-4 (2nd Cir., April 8, 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481, (7th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); See also United States v. Brown, 305 F.3d 304, 309 (5th Cir. 2002) (Apprendi not retroactively applicable to 2255 motions), cert. denied, 538 U.S. 1007 (2003)   In the opinion of this Court, relief under Booker is simply not available to Lewis. Consequently, Lewis' § 2255 Motion is barred by the statutory limitations provisions of 28 U.S.C. § 2244(b)(1)(A) as incorporated by 28 U.S.C. § 2255.

It is, therefore, **ORDERED** that the Motion (Instrument no. 462) of Clifford Alexander Lewis, brought pursuant to 28 U.S.C. § 2255, is **DISMISSED as time-barred**.

**DONE** at Galveston, Texas, this 17th day of June, 2005.

_____
Samuel B. Kent
United States District Judge